Filed 5/2/14  P. v. Mendoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040209 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1357845) |
| v. | |
| FREDDIE TALAMANTES MENDOZA, | |
| Defendant and Appellant. | |

Defendant Freddie Talamantes Mendoza appeals from a judgment of conviction entered after he pleaded no contest to receiving, concealing, or withholding stolen property (Pen. Code, § 496, subd. (a))[1] and resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1)).  Defendant also admitted that he had served two prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced defendant to four years of imprisonment. Pursuant to section 1170, subdivision (h), the trial court ordered defendant to serve the first two years in county jail and the remaining two years on mandatory supervision.  The trial court also ordered defendant to pay various fines and assessments, including a monthly probation supervision fee of $30.  On appeal, defendant contends that the trial court's imposition of the probation supervision fee was an unauthorized sentence because

---

[1]     All further statutory references are to the Penal Code.

he was not placed on probation.  We agree and strike this fee.  As modified, the judgment is affirmed.

## I.  Discussion

Defendant contends that the mandatory probation supervision fee is unauthorized and must be stricken.  Relying on sections 1203.1b and 1170(h)(5)(B)(i), the Attorney General argues that the fee is authorized in the present case.

The Attorney General's argument was rejected in *People v. Fandinola* (2013) 221 Cal.App.4th 1415 (*Fandinola*).  In applying the rules of statutory construction, *Fandinola* reasoned:  "As relevant here, section 1203.1b unambiguously applies to cases 'in which a defendant is granted probation or given a conditional sentence.'  (§ 1203.1b, subd. (a).)  Section 1170, subdivision (h)(5)(B)(i), authorizes the trial court to suspend execution of a concluding portion of a defendant's term, 'during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation,' but this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence.  Indeed, section 1170, subdivision (h), comes into play only after probation has been denied.  (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 671 ['once probation has been denied, felons who are eligible to be sentenced under realignment will serve their terms of imprisonment in local custody rather than state prison'].)  Moreover, section 667.5 provides for a one-year enhancement for 'prior prison terms,' including a 'term imposed under the provisions of paragraph (5) of subdivision (h), of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision.'  (§ 667.5, subd. (b).)  Thus, the Legislature has decided a county jail commitment followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence.  [¶]  Simply put, section 1203.1b applies 'in any case in which a

2

defendant is granted probation or given a conditional sentence.' (§ 1203.1b, subd. (a).) We may not add 'or placed on mandatory supervision' to this provision. Thus, section 1203.1b cannot serve as authority to impose the probation supervision fee in this case." (*Fandinola*, *supra*, 221 Cal.App.4th at p. 1422.)

*Fandinola* also observed that its conclusion was supported by subsequent legislation which "amended section 1202.45 to provide for a 'mandatory supervision revocation restitution fine' in addition to the parole revocation restitution fine already provided for in the statute. (Stats. 2012, ch. 762, § 1.) The Legislature did not similarly amend section 1202.44, which provides for a probation revocation restitution fine. This tells us two things. First, by adding the mandatory supervision revocation restitution fine to section 1202.45 instead of section 1202.44, the Legislature appears to indicate its view that mandatory supervision is more similar to parole than probation. Second, and more importantly, this amendment indicates the Legislature understood mandatory supervision is neither probation nor parole, and specific authorization for a mandatory supervision revocation restitution fine was therefore required even though probation and parole revocation restitution fines were already authorized by sections 1202.44 and 1202.45, respectively. Similarly, the Legislature amended section 1203.9, which already provided for the transfer of probation cases to the county in which the probationer resides and authorized an order for reimbursement of the reasonable costs of processing the transfer, to also apply to cases in which a person is released on mandatory supervision. (Stats. 2012, ch. 43, § 32.) The amendment simply added the words 'or mandatory supervision' after 'probation,' and also added the words 'or supervised person' after 'probationer.' (*Ibid.*) We must therefore conclude the Legislature understood how to amend a statute to authorize an order for costs associated with mandatory supervision. No such amendment was made with respect to section 1203.1b." (*Fandinola*, *supra*, 221 Cal.App.4th at pp. 1422-1423.)

3

We agree with the analysis in *Fandinola* and conclude that the monthly probation supervision fee of $30 is not authorized and must be stricken.

## II. Disposition

The judgment is ordered modified by striking the monthly probation supervision fee of $30. As modified, the judgment is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.


_____
Grover, J.

4